IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DEANTHONY LAVONTRI GREER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-088-RAH-CWB |
| | ) | |
| KAREN CARTER, WARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at the Easterling Correctional Facility, recently initiated this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff simultaneously filed an application for leave to proceed *in forma pauperis* (Doc. 2), which was accompanied by a statement of his prisoner trust fund account (Doc. 3).

By Order dated February 10, 2023, the undersigned granted *in forma pauperis* status but required that Plaintiff remit the sum of $4.33 as an initial partial filing fee by February 27, 2023. (Doc. 4 at pp. 1-2). The Order specifically cautioned Plaintiff that his failure to do so would result in a recommendation of dismissal. Nonetheless, Plaintiff has not remitted the required sum or requested an extension of time.

The undersigned views Plaintiff's non-compliance as reflecting a lack of interest in the continued prosecution of this case. Under the circumstances presented, the undersigned finds that lesser sanctions than dismissal would not be appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117-18 (11th Cir. 2007); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey a court order generally is not an abuse of discretion where a litigant has been forewarned); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court

possesses the inherent power to police its docket" and "the sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by March 24, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 10th day of March 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**